97 So.2d 631 (1957)
STATE of Florida ex rel. Fritz ARD, Petitioner,
v.
Emmett SHELBY, as Sheriff of Escambia County, Florida, Respondent.
No. 152.
District Court of Appeal of Florida. First District.
October 22, 1957.
*632 Herbert Lathan and Forsyth Caro, Pensacola, for petitioner.
Richard W. Ervin, Atty. Gen., for respondent.
STURGIS, Chief Judge.
Fritz Ard, hereinafter referred to as the probationer, filed in this court a petition for issuance of a writ of habeas corpus to test the legality of his detention by the sheriff of Escambia County. He also prayed release on bail pending disposition thereof. We issued a rule directing the sheriff to show cause why the writ should not issue.
The record discloses: On May 22, 1950 the Court of Record of Escambia County adjudged probationer guilty of a felony. On July 24, 1950 the trial judge suspended sentence and placed petitioner on probation for a period of seven years, subject to his compliance with the conditions of the order of probation. On July 23, 1957  one day before termination of the probationary period  affidavit was duly made and filed before the trial judge alleging facts which, if true, constitute a violation of the order of probation and would warrant revocation of the probation and imposition of sentence. On the basis of this affidavit a warrant was issued on July 23, 1957 for the arrest of probationer. On that date a constable made the arrest outside the territory of his district. Additional affidavits were made and filed on August 7 and 8, 1957 setting forth new allegations of fact that were only remotely connected with those stated in the affidavit of July 23, the later affidavits having been designed and treated as an independent predicate for revocation of the probation. The court denied probationer's motions to quash (1) the affidavit filed July 23, 1957, (2) the warrant issued thereon, and (3) the affidavits filed August 8, 1957, and its order found that no warrant was issued pursuant to the latter affidavits. The court also found that the later affidavits had reference to facts that occurred during but were not discovered until after the period of probation had expired.
Upon hearing the proofs, the court found that probationer had violated the order of probation in the particulars set forth in the affidavits, revoked the probation, and imposed sentence for the crime of which probationer stood convicted.
Petitioner insists that an affidavit of violation filed after the expiration of the probationary period is incompetent as a basis for revocation of probation. We agree. Section 948.04 F.S., F.S.A., provides that upon termination of the period of probation "the probationer shall be released from probation and shall not be liable to sentence for the crime for which probation was allowed." It is clear that upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation pursuant to Section 948.06, F.S., F.S.A. It follows that the affidavits made and filed subsequent to July 23, 1957 should have been quashed.
Having so determined, we now inquire as to the timeliness and sufficiency of the affidavit filed July 23, 1957 to support the findings and orders of the trial court revoking the probation and imposing sentence.
The right of a trial court to suspend sentences for crimes was recognized prior to enactment of Chapter 948, F.S., F.S.A., relating to probation. In Brill v. State, 159 Fla. 682, 32 So.2d 607, it was held that hearings on the question of revocation of suspension of sentence for violating the conditions of suspension are informal and do not take the course of regular trial, that evidence adduced at such hearings does not have the same objective as that taken at a *633 criminal trial, and that its first purpose is to satisfy the conscience of the court as to whether the conditions of suspension have been violated, and secondarily to give the accused an opportunity to explain away the accusation as to violation of the conditions of suspension. The cited case further held that while "due process of law" requires that a hearing be accorded the person charged with such violation, that requirement is met when the accused is properly brought before the court for examination, whereupon revocation of the suspension of sentence is within the control of the court. The latitude of inquiry is such that even though evidence upon which the revocation is based would be inadmissible upon trial of the accused for a crime, it is competent for the trial court to consider it on the issue of compliance with the conditions under which suspension of sentence was granted. Section 948.06(1) simply provides for an informal hearing whereby the trial court may determine whether the conditions of the probation order have been violated. Caston v. State, Fla., 58 So.2d 694.
The record here reflects that after hearing the testimony and reviewing the evidence the trial court concluded that "the defendant has violated the conditions of his probation in each and every respect charged in the affidavits * * *." (Emphasis supplied.) Standing alone, the charges contained in the affidavit made and filed July 23, 1957 were ample, if true, to justify the action of the trial court as reflected by its orders. It would require a clear showing of flagrant abuse of the discretion vested in the judges of trial courts upon such matters to entitle this court's interference. The finding of the trial judge that "each and every" charge of violation had been established leaves the record before us in such condition that upon careful inspection no harmful error is shown to result from the circumstances reflected by the affidavits filed August 8, 1957 and the action taken thereon.
Other grounds insisted upon by petitioner as a basis for issuance of the writ are found to be without merit. See State ex rel. Lee v. Coker, Fla., 80 So.2d 462.
Admission to bail, after conviction, is not a matter of right but rests in the sound judicial discretion of the trial court. Younghans v. State, Fla., 90 So.2d 308.
For the reasons stated the petition for writ of habeas corpus should be and it is denied.
WIGGINTON, J., and THORNAL, A.J., concur.