140 So.2d 300 (1962)
James Monroe CARROLL, Petitioner,
v.
H.G. COCHRAN, Jr., Director, Division of Corrections, Respondent.
No. 31463.
Supreme Court of Florida.
April 25, 1962.
*301 James Monroe Carroll, petitioner, in pro. per.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
O'CONNELL, Justice.
James Monroe Carroll petitioned this Court to issue its writ of habeas corpus under the contention he was being detained under a sentence which was illegal in that it was excessive. The writ issued and respondent has filed his response in which he concedes that the sentence imposed is excessive.
Petitioner was convicted on May 20, 1958 of the offense of withholding support from his minor children. Under the statute as it existed at that time the maximum imprisonment authorized was one year. Sec. 856.04, Fla.Statutes 1955, F.S.A. The statute was amended subsequently to provide for a maximum imprisonment of two years. Ch. 59-147, Laws of Florida, 1959.
Upon petitioner being convicted the trial court suspended sentence and ordered him to be placed on probation for a period of two years. At the expiration of that period of two years the court extended the probation for a further period of one year, to run from May 20, 1960. The court was authorized to do this by the provisions of Sec. 948.04, F.S.A.
It appears that in December 1960 the petitioner violated some of the conditions of his probation order. This fact was brought to the court's attention and on February 10, 1961 the court issued a warrant for petitioner's arrest.
The warrant was served on petitioner on June 7, 1961. On June 30, 1961 the court entered its order of revocation of probation. It then entered its judgment and sentence, said sentence being confinement in the state prison for a term of two years.
The sentence was excessive. Under Sec. 948.06, F.S.A. the court would have been authorized at that time to impose upon the petitioner "any sentence which it might have originally imposed before placing the probationer on probation." As has already been noted, the maximum sentence so authorized was imprisonment in the state prison for a term of one year.
No issue has been raised by petitioner or the respondent as to the fact the warrant for petitioner's arrest was not served on him and neither the court's order of revocation of probation nor its judgment and sentence was entered until a date subsequent to the termination of petitioner's period of probation. Under Sec. 948.04 F.S.A. it is provided that upon the termination of his period of probation, a probationer "shall not be liable to sentence for the crime for which probation was allowed."
It could be argued that because of this provision the court had lost jurisdiction of the petitioner and thus had no authority to sentence him for his offense of withholding support from his minor children.
In State ex rel. Ard v. Shelby, Fla.App. 1957, 97 So.2d 631, 632 the district court of appeal stated:
"* * * It is clear that upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation pursuant to Section 948.06, F.S., F.S.A. * * *" (Emphasis added.)
It is our opinion that in the instant case the processes of the trial court had been set in motion, for the warrant for petitioner's arrest because of his violation of probation was issued within the period of probation.
Respondent has informed the Court that subsequent to his beginning to serve the two year sentence petitioner escaped and was out some three months before being *302 recaptured. Because of his escape petitioner lost any gain time he may have earned up until the time of his escape. Further, he is entitled to no credit for the time he was out on escape.
Accordingly, the sentence under which petitioner is now serving is void and should be set aside. The petitioner, however, should be remanded to the custody of the respondent and be taken by him before the trial court for resentencing under F.S., Sec. 856.04 F.S.A., as it existed when petitioner committed the offense of which he stands convicted. Credit should be given him for the time already served on the invalid sentence and for any gain time he has earned since his being returned to imprisonment following his recapture.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS and THORNAL, JJ., concur.