155 So.2d 646 (1963)
Jack PICKMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 62-627.
District Court of Appeal of Florida. Third District.
July 9, 1963.
Rehearing Denied August 28, 1963.
*647 Garber & Chadroff, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON, TILLMAN, and HENDRY, JJ.
PEARSON, TILLMAN, Judge.
The appellant was convicted on four charges of issuing worthless checks. He plead "not guilty" in each case and waived jury trial. The trial court found the appellant guilty without adjudication and placed him on probation in each case. The sequence of the court's action, which is important to this decision, was as follows.
The appellant was tried in the first three cases which were numbered 60-8189, 60-8190 and 60-8208 on April 3, 1961. At the conclusion of the trial the appellant was placed on probation for a period of one year in each case. The order granting probation was dated April 3, 1961, and was duly recorded in the Criminal Court of Record Minute Book on that date.
On November 2, 1961, the appellant was tried in the fourth case which was No. 61-1833. At the conclusion of this trial, the court entered an order granting probation in that case but the period of probation was set at two years.
On April 18, 1962, for reasons not shown in the record, the court entered an order extending the period of probation in all four cases. A separate order was entered in each case. In cases numbered 60-8189, 60-8190 and 60-8208, the order in each case provided that the period of probation be "extended for an additional period of six (6) months on the original order granting probation, without adjudication, dated April 3, 1961,". In case No. 61-1833 the order entered the same day provided for the extension for six months on the original order dated November 2, 1961.
Appellant's first point, which applies only to the first three cases on which original probation was for one year, is that the order extending the period of probation was ineffective because it was entered after the court had lost jurisdiction of the defendant in each case. It is urged that inasmuch as the original order in each case was entered on April 3, 1961, and ran for a period of one year, that it therefore expired at Midnight on April 2, 1962. It will be noted from the facts given that the order extending probation in these three cases was entered on April 18, 1962. This point calls for an application of § 948.04, Fla. Stat., F.S.A. The section is as follows:
"948.04 Period of probation; duty of probationer The period of probation shall not extend more than two years beyond the maximum term for which the defendant might have been sentenced; provided, however, that if, during the period of probation of any case, it appears to the court that further supervision would be beneficial to the probationer or to society, the court may, by proper order, extend the supervision period, within the limits of time hereinabove specified. Upon the termination of the period of probation, the probationer shall be released from probation and shall not be liable to sentence for the crime for which probation was allowed. During the period of probation the probationer shall perform the terms and conditions of his probation." [Emphasis supplied.]
We think that appellant's position must be sustained under the holding in State ex rel. Ard v. Shelby, Fla.App. 1957, 97 So.2d 631, in which it was held that upon expiration of the probationary period, the court is divested of all jurisdiction of the person of the probationer unless in the meantime, the processes of the court have been set in motion for revocation or modification of the probation.
*648 The appellee suggests that since the record in this case fails to show there could not have been a setting in motion of the processes of the court within the period of time of the original probation; therefore we must presume that there was some action by the court within the period of the original probation. We note, however, that the appellant has specifically directed that the transcript of record include every entry in the minutes of the court having to do with these three cases. There is nothing in the court's minutes to indicate that the court took any action prior to April 18, 1961. We think that under the statute for a court to have jurisdiction to revoke probation the record of that court must show affirmative action taken during the original probationary period. Cf. Carroll v. Cochran, Fla. 1962, 140 So.2d 300. We therefore reverse the judgments and sentences in cases numbered 60-8189, 60-8190 and 60-8208.
There remains for consideration the judgment and sentence in case no. 61-1833. As previously mentioned the appellant was placed upon probation for a period of two years in this case. The two year period began to run on November 2, 1961. It is apparent that this period of two years had not expired on April 18, 1962, when the court extended the period of probation for an additional six months, nor had it expired on September 28, 1962, when the court entered its judgment and sentence in that case. Appellant's point as to this judgment and sentence is that the trial court failed to enter a legal order setting forth the conditions of the probation, and therefore, appellant could not legally have his probation revoked.
The authority of the court to place defendant on probation is found in Chapter 948 of the Florida Statutes, F.S.A. Section 948.03 provides that the court shall set the terms and conditions of the probation.[1] The record before us reveals that the order granting probation in case No. 61-1833 was in part as follows:
"* * * it is thereupon
CONSIDERED, ORDERED, AND ADJUDGED that an adjudication of guilt and the imposition of sentence be, and the same are hereby, stayed and withheld and the defendant, J. PICKMAN is hereby placed on probation in the custody of the Probation Officer of this Court for a term of two (2) years."
It would appear to be a proper practice for the court to approve and enter in its minutes the terms and condition under which an offender is to be granted his liberty.
It has been firmly established in Florida that the grant of probation to a defendant is a matter of grace and not of right. A grant of probation rests within the broad discretion of the trial judge and is based upon the hope of rehabilitation rather than punishment. State ex rel. Roberts v. Cochran, Fla. 1962, 140 So.2d 597. Nevertheless, these matters must be handled in accordance with the legislative act because there is no probation except by legislative action. Ex parte Bosso, Fla. 1949, 41 So.2d 322.
We have examined this record to see if the objection of the appellant is well founded, and we do not think that it is. It is true that the order in case 61-1833, *649 as recorded in the minutes of the court does not refer to the specific conditions of probation, but an instrument dated April 3, 1961, and signed by the appellant did set conditions in the first three cases. The body of this document refers to case no. 61-1833, and requires restitution of the money obtained in that case. It is clear that the conditions set forth were to apply in all of the cases. We find no prejudicial error.
The judgments and sentences in cases numbered 60-8189, 60-8190 and 60-8208 are reversed and the judgment and sentence in case numbered 61-1833 is affirmed.
NOTES
[1] § 948.03 Fla. Stat., F.S.A. provides:

"(1) The court shall determine the terms and conditions of probation and may include among them the following: That the probationer shall (a) avoid injurious or vicious habits; (b) avoid persons or places of disreputable or harmful character; (c) report to the parole and probation supervisors as directed; (d) permit such supervisors to visit him at his home, or elsewhere; (e) work faithfully at suitable employment insofar as may be possible; (f) remain within a specified place; (g) make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court; (h) support his legal dependents to the best of his ability."