207 So.2d 478 (1968)
Robert Lee BROOKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-356.
District Court of Appeal of Florida. Third District.
February 27, 1968.
*479 Robert L. Koeppel, Public Defender, Phillip A. Hubbart and Marvin J. Emory, Jr., Asst. Public Defenders, for appellant.
Earl Faircloth, Atty. Gen., Jesse J. McCrary, Jr., and Arthur L. Rothenberg, Asst. Attys. Gen., for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
CHARLES CARROLL, Chief Judge.
The appellant was informed against and brought to trial on charges of breaking and entering a dwelling with intent to commit grand larceny, and grand larceny. He was found guilty of breaking and entering with intent to commit petit larceny. Adjudication of guilt was withheld by the trial court and the defendant was placed on probation for a period of one year. The commencement of the term of probation was January 28, 1966.
One of the conditions of the granted probation was that the probationer should "Live and remain at liberty without violating any law." On January 17, 1967, eleven days before the end of the term of the probation, an information was filed charging the appellant with a separate offense of similar character, alleged to have been committed on December 30, 1966. The record does not show the outcome of subsequent proceedings in that separate case. However, on February 21, 1967, twenty-four days after the end of the term of the one-year probation, proceedings were instituted in the present case to revoke the probation, on the ground of a violation of law by the probationer during the term as evidenced by the information which had been filed against him on January 17, 1967. On such showing to the court by the state attorney's office, made on February 21, 1967, the court revoked the probation, entered an adjudication of guilt of breaking and entering with intent to commit petit larceny, and imposed a sentence of confinement for one year, less 50 days previously served.
On this appeal therefrom the question for determination is whether the trial court, after the end of the specified period of probation, could entertain a proceeding or application for revocation of probation for a violation which occurred during the term of the probation.
Section 948.04 of Chapter 948, Fla. Stat., F.S.A., relating to probation, provides: "Upon the termination of the period of probation, the probationer shall be released from probation and shall not be liable to sentence for the crime for which probation was allowed. During the period of probation the probationer shall perform the terms and conditions of his probation."
Regarding revocation of probation, § 948.06(1), Fla. Stat., F.S.A., provides: "Whenever within the period of probation there is reasonable ground to believe that a probationer has violated his probation in a material respect, any parole or probation supervisor may arrest such probationer wihout warrant whenever found and forthwith shall return him to the court granting such probation." Provision is made in that section of the statute for the issuance of a warrant for arrest in such circumstance and for proceedings thereon to be had before the court which then may "revoke, modify or continue probation and, if revoked shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation," and provision is made for other disposition *480 thereof in other contingencies not applicable here.
From the wording of the statute it appears that for revocation of probation for violation of the terms or conditions thereof, the proceedings therefor are to be commenced within the period of the probation, and it was so held in State ex rel. Ard v. Shelby, Fla.App. 1957, 97 So.2d 631. There, in an opinion by the late Chief Judge Sturgis, speaking for the first district court of appeal, it was said:
"Petitioner insists that an affidavit of violation filed after the expiration of the probationary period is incompetent as a basis for revocation of probation. We agree. Section 948.04 F.S., F.S.A., provides that upon termination of the period of probation "the probationer shall be released from probation and shall not be liable to sentence for the crime for which probation was allowed.' It is clear that upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation pursuant to Section 948.06, F.S., F.S.A. * * *"
In Pickman v. State, Fla.App. 1963, 155 So.2d 646, in an opinion authored by Judge Pearson, this court said:
"We think that appellant's position must be sustained under the holding in State ex rel. Ard v. Shelby, Fla.App. 1957, 97 So.2d 631, in which it was held that upon expiration of the probationary period, the court is divested of all jurisdiction of the person of the probationer unless in the meantime, the processes of the court have been set in motion for revocation or modification of the probation."
* * * * * *
"* * * We think that under the statute for a court to have jurisdiction to revoke probation the record of that court must show affirmative action taken during the original probationary period. Cf. Carroll v. Cochran, Fla. 1962, 140 So.2d 300. * * *"
In the present case no action or proceeding was taken or initiated during the period of the probation aimed at its revocation for a violation of the term or condition of the probation against violating the law. We reject as unsound the argument of the state that the filing, during the probation period, of a separate information against this appellant for some separate offense allegedly committed by him can substitute for affirmative action required to be taken or initiated during the term for revocation of the probation. The information which was issued eleven days before the end of the probation period was a step in a separate and unrelated proceeding, and it had no reference to the probation in this case. Assuming that such information or the law violation which it alleged could have been the basis for an application or initiation of a proceeding in the present case for the revocation of the probation, it was not so used during the term, but was attempted to be so used only after the probation term had expired.
The result is that after the period of probation had ended without proceedings having been instituted for revocation of probation on account of the alleged law violation of December 1966, by the express provision of the statute the appellant thereafter was not subject to adjudication of guilt and sentence. Therefore, the judgment appealed from is reversed.
Reversed.