HAVERFIELD, Judge.
Defendant-appellant appeals an order revoking his probation and sentencing him to eighteen (18) months in the state penitentiary.
*65 The defendant, Tyrone Maycock, pled guilty to grand larceny and on January 27 1970 was placed on probation for a period of two years. On March 11, 1971 the appellant was charged with two violations of his probation, to-wit: (1) failure to submit required monthly reports and (2) only partial payment of restitution. Immediately thereafter an arrest warrant was issued pursuant thereto.[1] After several postponements, a hearing on the alleged probation violations was held on October 17, 1972. Appellant admitted the violations, his probation was revoked, and he was sentenced to one year in Dade County Jail. Thereafter, on October 27, 1972, since appellant had not been represented by counsel at his revocation of probation hearing, the order of October 17, 1972 was vacated and set aside and the original probation order was reinstated. Subsequently, on October 30, 1972 another revocation of probation hearing was conducted at which time appellant made full restitution and then was returned to the supervision of the probation-parole supervisor.
On January 19, 1973 the defendant was found guilty on count one (entering without breaking) of a four count information filed on August 14, 1971. On February 8, 1973 the court was advised that the appellant was again in violation of the terms of his probation by (1) a new conviction, and (2) drug use. A hearing was held thereon, after which defendant’s probation was revoked and he was sentenced to eighteen (18) months in the state penitentiary. On February 16, 1973 the defendant was sentenced on the entering without breaking charge to two (2) years in the state penitentiary to run consecutively with the eighteen (18) months for revocation of probation.
On appeal, the basic issue for determination is whether the trial court, after the expiration of the specified probation period, could entertain a proceeding or application of revocation of probation for a violation which occurred during the term of the probation.
It now is well established that upon the expiration of the probationary period, the trial court is divested of all jurisdiction of the person of the probationer. Carroll v. Cochran, Fla.1962, 140 So.2d 300; State ex rel. Ard v. Shelby, Fla.App.1957, 97 So.2d 631; Brooker v. State, Fla.App.1968, 207 So.2d 478.
Turning to the case sub judice, the facts recited hereinabove clearly reflect appellant’s term of probation expired on January 27, 1972 and that no action or proceeding was taken or initiated during the period of probation aimed at its revocation for the violations of the terms of appellant’s probation charged on February 8, 1973. Further, the filing, during the probation period, of a separate information against the defendant for some separate offense allegedly committed by him during the term of probation cannot substitute for the affirmative action required to be taken or initiated during the term as a prerequisite to revocation of probation. Brooker v. State, supra.
Accordingly, we hold that the trial court on February 8, 1973 had been divested of all jurisdiction over the person of the probationer and, therefore, we must reverse the judgment appealed from and remand with directions to vacate and set aside the appellant’s sentence of eighteen (18) months in the state penitentiary for revocation of probation.
Reversed and remanded with directions.

. It appears from the record that appellant-probationer was arrested pursuant to this warrant, but rather was apprehended on August 14, 1971 on which date he was charged with a four count information.