292 So.2d 374 (1974)
Ella RANDOLPH, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1112.
District Court of Appeal of Florida, Third District.
April 2, 1974.
*375 Pollack, Yocom, Tunkey & Robbins, Ullman, Kimler & Entin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant, Ella Randolph, seeks review of the trial court's order of revocation of probation and sentence to two years in the state penitentiary.
Appellant first contends that the trial court erred in finding that the evidence of her possession of marijuana was sufficient to revoke the defendant's probation. We disagree.
A revocation of probation hearing is informal and does not take the course of a regular trial, nor does the evidence have the same objective as that taken at a regular trial. Its purpose is to satisfy the conscience of the court as to whether the conditions of the suspended sentence have been violated and to give the accused an opportunity to be heard. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947). A search of the record reveals that there was sufficient evidence contained therein to support the belief of the trial judge that the probationer had violated the terms of his probation. Cf. McNeely v. State, Fla. App. 1966, 186 So.2d 520; Singletary v. State, Fla.App. 1974, 290 So.2d 116.
Defendant also argues that the trial judge erred in (1) admitting hearsay testimony concerning the chemical analysis of the property seized, and (2) allowing the police officer to testify as to the sale of marijuana which allegedly occurred between the defendant and the confidential informant.
This report and testimony would have been inadmissable at a trial but properly were considered in the instant cause by the trial judge. See Bernhardt v. State, Fla. 1974, 288 So.2d 490; State ex rel. Ard v. Shelby, Fla.App. 1957, 97 So.2d 631; Singletary, supra. Thus, these contentions of appellant must fail.
We also considered appellant's remaining point on appeal and found that to be without merit.
Accordingly, the order revoking probation is affirmed.
Affirmed.