PER CURIAM.
Alex James takes this appeal from an order of revocation of probation. James was charged by information with breaking and entering with intent to commit grand larceny. He pled not guilty, then changed his plea to guilty and was sentenced by the trial court to one year in the county jail, with six months to be served and six months to be stayed and withheld, and probation for a period of two years. James served six months in jail. Within a few months of his release, his probation supervisor filed an affidavit of violation of probation, reciting three violations. A hearing was held. The trial court took testimony, ruled the defendant in violation of probation and sentenced him to five years in the state penitentiary.
Two points are raised on this appeal. The first is that the trial court erred in sentencing the defendant to a term greater than his original sentence of one year in the county jail. This specific point has been addressed by the Florida Supreme Court and settled adversely to the defendant. State v. Jones, 327 So.2d 18 (Fla.1976). The Court held that a defendant placed on probation may be sentenced to imprisonment by the trial judge for the same period of years as the court could have originally imposed.
The defendant’s second point on appeal is that the evidence was insufficient to sustain the court’s finding of violation of probation. The record reflects that there was sufficient competent evidence to support the decision of the trial judge that the defendant had violated the conditions of his probation. Therefore, we affirm the order of revocation of probation. Randolph v. State, 292 So.2d 374 (Fla. 3rd DCA 1974); Brown v. State, 305 So.2d 309 (Fla. 4th DCA 1974); Rose v. State, 308 So.2d 119 (Fla. 1st DCA 1975).
Affirmed.