PER CURIAM.
Appellant Timothy K. Wrich was placed on probation on October 9, 1972, after having entered a plea of guilty to a charge of burglary. On February 25,1975, his probation supervisor filed an affidavit charging him with violations of conditions (d), (e) and (h) of his probation. Two days later a hearing was held on these violations, and at that hearing the trial court found that appellant had not violated conditions (d), (e) and (h). He did, however, find that appellant was guilty of a violation of another condition, condition (c); whereupon, he revoked appellant’s probation and sentenced him to a term of five years with fifteen days credit for time served.
This court affirmed that order and the Supreme Court of Florida denied appellant’s petition for writ of certiorari. Appellant thereafter filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Florida, claiming that his due process rights had been violated when he was convicted of a probation violation with which he had not been charged. The district court agreed with appellant and determined that the order violated due process.
On September 27,1976, appellant’s probation supervisor filed a new affidavit for violation of probation, this time for violation of the aforementioned condition (c). The trial court found appellant guilty at a hearing held on October 11,1976, and again sentenced him to five years in prison with appropriate credits. This appeal ensued.
Appellant argues that the trial court had no jurisdiction on October 11, 1976 to revoke his probation. We agree.
Appellant’s original three-year term of probation ended on October 9,1975. That date remained effective despite the federal court findings. It was not until almost a year later, September 27, 1976, that the second affidavit of violation was filed. This was fatally untimely since it is well settled that an affidavit alleging a *1115 violation of probation must be filed before the expiration of the probation. Maycock v. State, 281 So.2d 64 (Fla. 3d DCA 1973); State ex rel. Ard v. Shelby, 97 So.2d 631 (Fla. 1st DCA 1957).
The other points raised on this appeal now become moot.
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded with directions that appellant be forever discharged of the burglary charges herein.
McNULTY, Acting C. J., and GRIMES and OTT, JJ., concur.