355 So.2d 492 (1978)
James Leon CARPENTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-890.
District Court of Appeal of Florida, Third District.
February 28, 1978.
*493 Weiner, Robbins & Tunkey, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Lowey, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
James Leon Carpenter appeals an order revoking his probation and vacating his sentence of four years in the state penitentiary on the ground that the court lacked jurisdiction. We find this appeal has merit.
Defendant Carpenter was informed against for possession of a controlled substance and upon changing his plea from not guilty to nolo contendere, the court entered an order withholding adjudication of guilt and placing Carpenter on six months probation. On February 22, 1977, the last day of Carpenter's probationary period, his probation officer filed an affidavit of violation of probation. A revocation hearing was held on March 29 and the trial judge found Carpenter not guilty of the violations charged in the affidavit. However, the judge directed that the probation officer file an amended affidavit alleging additional violations. An amended affidavit was sworn to on April 7 and an evidentiary hearing thereon was conducted on April 12. Based upon the amended affidavit and the evidence presented, the judge entered an order revoking Carpenter's probation and sentencing him to four years imprisonment. Carpenter moved to vacate the above order for the reason that the court erred in entertaining the amended affidavit inasmuch as the court became divested of jurisdiction when it found him not guilty after the March 29 hearing on the original affidavit of violation of probation. The court denied the motion and this appeal ensued.
It is undisputed that after the end of a specified period of probation, the trial court lacks jurisdiction to entertain a proceeding or application for revocation of probation for a violation which occurred during the term of probation unless in the meantime, the processes of the court have been set in motion for revocation or modification of the probation pursuant to Section 948.06, Florida Statutes (1975). Carroll v. Cochran, 140 So.2d 300 (Fla. 1962); State ex rel. Ard v. Shelby, 97 So.2d 631 (Fla. 1st DCA 1957); Brooker v. State, 207 So.2d 478 (Fla. 3d *494 DCA 1968); Maycock v. State, 281 So.2d 64 (Fla. 3d DCA 1973).
Reviewing the record in light of the above established principle of law, the trial court clearly had jurisdiction to entertain the original February 22[1] violation of probation affidavit. However, upon the finding by the trial court at the conclusion of the March 29 hearing that Carpenter was not guilty of violating the conditions of his probation as alleged in the original affidavit, the court lost jurisdiction as Carpenter's probationary period had expired and it was error for the court to entertain the amended affidavit of April 7 alleging new violations. See State ex rel. Ard v. Shelby, supra.
We also are compelled to reject the contention of the State that Carpenter waived the jurisdictional defect by participating in the April 12 hearing on the amended affidavit because, upon the termination of the March 29 hearing in favor of Carpenter, the trial court became divested of jurisdiction and was powerless to entertain the amended April 7 affidavit. See Section 948.06, Florida Statutes (1977) and Coleman v. State, 205 So.2d 5 (Fla. 3d DCA 1967).
Accordingly, the order revoking probation and sentencing Carpenter to four years is reversed.
Reversed.
NOTES
[1] The last day of Carpenter's probationary period.