362 So.2d 723 (1978)
Andrea Billy SWIFT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 78-490, 78-491 and 78-492 Consolidated.
District Court of Appeal of Florida, Second District.
September 27, 1978.
*724 Jack O. Johnson, Public Defender, Bartow, and Karal B. Rushing, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant contends that the trial court erred in revoking his probation and in sentencing him to a total of eleven years in prison. We affirm in part and reverse in part.
Appellant pled guilty to three separate charges: leaving the scene of an accident involving an injury, forgery, and uttering a forged instrument. On December 2, 1976 the trial court placed him on three concurrent five-year terms of probation. Subsequently the court revoked his probation for violations of the conditions of probation allegedly committed by appellant on December 21, 1977 and January 11, 1978. Appellant was sentenced to a one-year term of imprisonment for leaving the scene of an accident, a five-year term for forgery, and a five-year term for uttering a forged instrument. This appeal timely followed.
Two established and accepted principles of law control this case. The first is that a term of probation cannot exceed the maximum sentence which a court may impose. Watts v. State, 328 So.2d 223 (Fla.2d DCA 1976). The other is that the court may only revoke probation for violations which occur during the term of that probation. See generally Bouie v. State, 360 So.2d 1142 (Fla.2d DCA 1978); Wrich v. State, 350 So.2d 1114 (Fla.2d DCA 1977).
Applying these propositions to the facts here we hold that the trial court erred in placing appellant on probation for five years for leaving the scene of an accident. The maximum punishment which the court could have imposed under Section 316.027 Florida Statutes (1975) for leaving the scene of an accident was one year. Consequently, the term of probation for that offense could not exceed one year, and appellant's probation therefore ended on December 2, 1977. As a result, we believe the *725 court erred in revoking appellant's probation for leaving the scene of an accident since the violations which served as a basis for the revocation occurred after December 2, 1977.
We have considered the remaining point raised by appellant, but we need not discuss it for it is clearly refuted by the record.
Accordingly, we affirm the judgments and sentences for forgery and uttering a forged instrument and reverse the judgment and sentence for leaving the scene of an accident. We remand the case to allow the trial court to set aside the judgment and sentence for leaving the scene of an accident.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED WITH DIRECTIONS.
SCHEB and DANAHY, JJ., concur.