PER CURIAM.
This is an appeal from an order of revocation of probation. The defendant was convicted and placed on probation for robbery and misdemeanor marijuana possession. An affidavit of violation of probation by possession of a controlled substance, carrying a concealed firearm, and possession of a firearm by a convicted felon was filed. At hearing on the affidavit of violation of probation, Officer Solaro testified that he submitted the substance he seized from the appellant for laboratory analysis and, over objection, he testified the laboratory analy *495 sis indicated the substance was cocaine. The officer also testified he seized a 22 caliber, four-shot Derringer from the appellant. Based thereon, the trial court found the appellant in violation of probation as charged, and sentenced him to 10-year concurrent sentences on each of the robbery and marijuana possession charges.
On appeal, the appellant challenges the sufficiency of the evidence to support revocation of probation in that the evidence as to the content of the controlled substance was hearsay evidence which, by itself, is insufficient to support the order appealed. The State also failed to prove the weapon was a firearm; thus revocation on this ground is not supported by the evidence. The appellant further contends the 10-year sentence on the misdemeanor marijuana charge is an illegal sentence.
We find no error and affirm on the authority of Bernhardt v. State, 288 So.2d 490 (Fla.1974); Russ v. State, 313 So.2d 758 (Fla.1979); Randolph v. State, 292 So.2d 374 (Fla.3d DCA 1974); Pinder v. State, 396 So.2d 272 (Fla.3d DCA 1981).
However, the sentence to 10 years’ imprisonment on the misdemeanor marijuana possession (less than 5 grams) is clearly erroneous and should be reversed.
The order revoking probation is affirmed; the sentence is set aside and the cause is remanded for resentencing.
Affirmed in part; reversed in part.