605 So.2d 553 (1992)
Alexis RECIO, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-398.
District Court of Appeal of Florida, Third District.
September 22, 1992.
*554 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before FERGUSON, JORGENSON and COPE, JJ.
PER CURIAM.
Alexis Recio (defendant) appeals from a final order revoking his probation. We affirm.
Defendant was adjudicated guilty and placed on six months probation for third degree grand theft and uttering a forged instrument. Five months later, defendant's correctional probation officer filed an affidavit of violation of probation. The affidavit alleged that the defendant violated the terms and conditions of his probation by failing to remain at liberty without violating any law in that he committed the offense of sale of cocaine, by failing to make monthly payments to the State, by failing to make restitution, and by failing to report to his probation supervisor. The defendant denied that he had violated his probation.
A jury trial was held on the sale-of-cocaine charge. The parties agreed that the trial would also serve as defendant's probation violation hearing.
The State's key witness was a police officer who testified that he observed a male selling rock cocaine to another male. The officer identified the seller as defendant and further testified that he had seen defendant on the street several times after the arrest. It was later established that defendant had been incarcerated since the time of his arrest.
Defense counsel sought to have defendant's jailcard read to the jury in an attempt to impeach the officer's testimony by proving that he had not seen defendant after the arrest. The court denied the request claiming that the issue was collateral. The State stipulated that defendant had been incarcerated since the time of his arrest on the cocaine charge. The jury returned a not guilty verdict.
Noting that there is a difference between the standard of proof required in a criminal trial and the standard in a revocation hearing, the court revoked defendant's probation. Defendant appeals.
The purpose of a revocation hearing is to satisfy the conscience of the court about whether the conditions of probation have been violated and to afford the accused an opportunity to be heard. Randolph v. State, 292 So.2d 374 (Fla. 3d DCA), cert. denied, 300 So.2d 901 (Fla. 1974). Defendant was afforded procedural due process in this case. The fact that defendant was acquitted of the criminal charge is irrelevant. Borges v. State, 249 So.2d 513 (Fla. 3d DCA 1971). Finding that the evidence presented at the revocation hearing sufficiently showed that defendant *555 "willfully and substantially" violated the terms of his probation, we affirm. Kirk v. State, 400 So.2d 540 (Fla. 3d DCA 1981).
Affirmed.
JORGENSON and COPE, JJ., concur.
FERGUSON, Judge (dissenting).
From the roof of a nearby building, Officer Perez allegedly witnessed the defendant making a night sale of a cocaine rock on busy Flagler Street in downtown Miami. The officer, who was the sole eyewitness, did not participate in the arrest. It was made minutes later by another officer based on a description dispatched to a patrol unit in the area. Although the person seen selling the substance purportedly had several rocks of cocaine in his possession which were concealed in socks, the defendant was not in possession of drugs when seized. Cross-examination of the officer on his identification testimony laid the foundation for impeachment:
Q. [By defense attorney Parker] Now, you have seen Mr. Recio since August the 8th of last year, haven't you?
A. Yes, ma'am.
Q. Now, how many times would you say you have seen him since that date?
A. We work four days out of the week and two, three days out of the week.
Q. And so you have seen him since August the 8th of last year?
A. Yes, ma'am.
Q. Now, officer, why did you go to the jail to see Mr. Recio, because he has been in jail since August the 8th of last year?
A. I have seen him out in the street.
Q. So you said you have seen him out in Northwest 7th?
A. On West Flagler and 7th Avenue.
Q. So, are you aware of the fact that Mr. Recio has been in jail since August the 8th?
A. No, ma'am.
Q. Now, you see this correction officer sitting back here, right?
A. Yes, ma'am.
Q. You know he is here because Mr. Recio is in custody right now?
A. That, I don't know.
Q. So you don't know that Mr. Recio has been in custody ever since you had Mr. Mendez place him under arrest on August the 8th?
A. I don't know that.
Q. Is your testimony today that you have seen him out on Flagler Street since the date he was arrested?
A. Yes.
Q. So you didn't know Mr. Recio never bonded out of jail, never got out of jail after that date, you do not know that?
A. No, ma'am. If I may add, I did stop him after the arrest and I did run him on one of our channels and I did get a name.

THE COURT: Just one second. Go ahead, continue. I apologize, officer.
Q. [By Ms. Parker] So, officer, you would be surprised to hear that this man had been in custody since he was arrested on August 8th, 1991?
A. That, I don't know, ma'am. All I can tell you is that I have seen him out on the street and I did stop him after the arrest about two months later. That is what we usually do, we take out the picture from the same name and the date of birth and see if they come back with any warrants.
MS. PARKER: Thank you, officer.
Excluded from the evidence  as irrelevant  was the crucial testimony of a Department of Corrections officer which would have shown that the defendant was continuously in jail after his arrest for the subject sale. Nevertheless, on a stipulation between the state attorney and defense counsel, the jury was presented with the evidence which the court had ruled inadmissible. The jury found him not guilty.
Based on the same eyewitness testimony which the jury heard, and obviously rejected, the court found the defendant in violation of probation by selling cocaine.[1] A twenty-two-month sentence of incarceration *556 was imposed. All indications, from the record, are that the court adhered to its earlier opinion that evidence of the defendant's incarceration during the time of an alleged street encounter with the testifying officer was irrelevant.
Evidence that the defendant was incarcerated at the time Officer Perez claimed to have subsequently encountered him on the streets was indeed relevant as a test of the witness's perception and memory, and served to impeach his testimony. See Mendez v. State, 412 So.2d 965 (Fla. 2d DCA 1982) (whenever witness takes the stand, he places his credibility in issue); Baxter v. State, 294 So.2d 392 (Fla. 4th DCA) (same), cert. denied, 303 So.2d 26 (Fla. 1974); § 90.608(4), Fla. Stat. (1991) (credibility of witness may be attacked by showing a defect of capacity, ability, or opportunity to observe, remember, or recount the matters about which he testified). See generally IIIA. Wigmore on Evidence § 1005, at 976 (Chadbourn rev. ed. 1970) (Everything is material that affects the credibility of a witness.). With appropriate consideration to the excluded evidence, the testimony of the State's sole eyewitness is exploded, leaving no evidentiary basis for the court's conclusion that the defendant violated the terms of the probation.
I would reverse the violation and reinstate the defendant to probation.
NOTES
[1] Recio was on probation for uttering a forged instrument and third-degree grand theft.