PER CURIAM.
On November 6, 1991, the defendant, Dennis Marshall Hall, was convicted of trafficking and possession of cocaine and was placed on one year probation. On October 27,1992, the state filed an affidavit of probation violation charging the defendant with failure to make monthly payments, failure to obtain gainful employment, and failure to complete the TASC treatment program. On November 5, 1992, the defendant was arrested for *1311 the sale of a controlled substance within 1,000 feet of a school. Then, on November 12, 1992, after the expiration of the probationary period, the state filed an amended affidavit of probation violation charging the defendant, in addition to the violations listed in the previous affidavit, with failure to live and remain at liberty without violating the law based upon the offense he committed on November 5th. Following a hearing, the trial court revoked the defendant’s probation. The defendant appeals from orders revoking his probation and sentencing him to seven years in prison.
A trial judge has broad discretionary power to grant and to revoke probation. Bernhardt v. State, 288 So.2d 490 (Fla.1974). In the instant case, the defendant does not challenge the technical violations contained in the original affidavit. The record shows that competent, substantial, and uncontradicted testimony was presented as to the allegations contained in the original affidavit. This evidence was sufficient to justify the court’s revocation of probation and the imposition of the seven year sentence. Morales v. State, 622 So.2d 1173 (Fla. 3d DCA 1993). However, we strike from the order revoking probation the finding of violation as to the condition based on the offense the defendant allegedly committed on November 5th because that charge was contained in an untimely filed amended affidavit of probation violation. See Aguiar v. State, 593 So.2d 1225 (Fla. 3d DCA 1992) (Trial court may not consider an affidavit filed after probation has ended.); Robinson v. State, 474 So.2d 1274 (Fla. 3d DCA 1985) (The filing of new substantive charges after the expiration of the probationary period is untimely and the trial court has no jurisdiction to consider the new charges.); Kane v. State, 473 So.2d 786 (Fla. 1st DCA 1985).
Due to our concern that a defendant can commit a crime on the last day of his probation and not be found to have violated his probation, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the following question to the Florida Supreme Court as a question of great public importance:
WHETHER THE TRIAL COURT COULD CONSIDER NEW CHARGES IN AN AMENDED AFFIDAVIT OF PROBATION VIOLATION WHERE THE ORIGINAL AFFIDAVIT WAS TIMELY FILED, BUT THE AMENDED AFFIDAVIT WAS NOT FILED UNTIL AFTER THE PROBATIONARY PERIOD HAD EXPIRED BECAUSE THE DEFENDANT COMMITTED THE ALLEGED VIOLATION AT, OR NEAR, THE END OF HIS PROBATION PERIOD?
Affirmed as amended and question certified.