641 So.2d 403 (1994)
STATE of Florida, Petitioner,
v.
Dennis Marshall HALL, Respondent.
No. 82746.
Supreme Court of Florida.
August 18, 1994.
*404 Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., Hollywood, for petitioner.
Bennett H. Brummer, Public Defender and Harvey J. Sepler, Asst. Public Defender, Miami, for respondent.
PER CURIAM.
We have for review Hall v. State, 625 So.2d 1310 (Fla. 3rd DCA 1993), in which the Third District Court of Appeal certified the following question as being of great public importance:
WHETHER THE TRIAL COURT COULD CONSIDER NEW CHARGES IN AN AMENDED AFFIDAVIT OF PROBATION VIOLATION WHERE THE ORIGINAL AFFIDAVIT WAS TIMELY FILED, BUT THE AMENDED AFFIDAVIT WAS NOT FILED UNTIL AFTER THE PROBATIONARY PERIOD HAD EXPIRED BECAUSE THE DEFENDANT COMMITTED THE ALLEGED VIOLATION AT, OR NEAR, THE END OF HIS PROBATION PERIOD?
625 So.2d at 1311. We have jurisdiction,[1] and answer the question in the negative.
On November 6, 1991, Dennis Marshall Hall was convicted of trafficking and possession of cocaine and was placed on one year's probation. On October 27, 1992, the State filed an affidavit of probation violation charging Hall with violations of various technical conditions of his probation. On November 5, 1992, the last day of his term of probation, Hall was arrested for the sale of a controlled substance within 1,000 feet of a school. After the expiration of the probationary period, the State filed an amended affidavit charging Hall with, in addition to the violations charged in the original affidavit, failure to live and remain at liberty without violating the law due to the November 5 offense. After a hearing, the trial court revoked Hall's probation and sentenced him to seven years in prison. On appeal, the district court affirmed the probation revocation based on the technical violations, but struck the finding of violation based on the substantive offense, "because that charge was contained in an untimely filed amended affidavit of probation violation." 625 So.2d at 1311.
It has long been the rule that
upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation pursuant to Section 948.06, F.S.
Carroll v. Cochran, 140 So.2d 300, 301 (Fla. 1962) (alteration in original) (quoting State ex rel. Ard v. Shelby, 97 So.2d 631, 632 (Fla. 1st DCA 1957)). See also Rodriguez v. State, 511 So.2d 444 (Fla. 2d DCA 1987); Brooker v. State, 207 So.2d 478 (Fla. 3d DCA 1968). The State recognizes that this rule has been consistently applied to preclude consideration of new violations charged in an amended affidavit filed after the period of probation has expired. See, e.g., McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988); Robinson v. State, 474 So.2d 1274 (Fla. 3d DCA 1985); White v. State, 410 So.2d 588 (Fla. 2d DCA 1982); Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981). However, it asks us to create an exception that would allow consideration of untimely filed charges contained in an amended affidavit of probation violation when the newly charged violations occur at or near the end of the probationary term. We decline to do so.
The pertinent language contained in sections 948.04(2) and 948.06(1), Florida Statutes (1991), is substantially the same as the statutory language upon which the jurisdictional rule was first based. See Shelby, 97 So.2d at 632 (relying on 1957 version of section 948.04); Brooker v. State, 207 So.2d 478, 479 (Fla. 3d DCA 1968) (relying on 1967 version of both provisions). Section 948.04(2) provides:
Upon the termination of the period of probation, the probationer shall be released from probation and is not liable to sentence for the offense for which probation was allowed.
*405 Consistent with this pronouncement, section 948.06(1), which deals with revocation and modification of probation, is triggered when "within the period of probation" there are reasonable grounds to believe that a condition of probation has been violated in a material way. This Court agreed that these provisions are jurisdictional in Carroll v. Cochran, 140 So.2d at 301. Although there have been various amendments to sections 948.06(1) and 948.04(2) throughout the years,[2] there has been no legislative response to our opinion in Carroll or to the subsequent district court opinions holding that a court lacks jurisdiction to consider new allegations contained in an untimely amended affidavit. Because the legislature has failed to make any substantive changes to the pertinent statutory language, we must assume that it has no quarrel with these holdings. See White v. Johnson, 59 So.2d 532, 533 (Fla. 1952) (legislative inaction can be taken as an indication of legislature's acceptance of prior construction of statute).
Moreover, we can find no authority in chapter 948 that would allow a court to consider untimely charges of probation violation simply because the alleged violations occur at or near the end of the probationary period. Thus, even if we were to accept the State's position and hold that the court in this case had jurisdiction to consider the new charges of violation because the original charges were pending, the jurisdictional anomaly would still exist. For example, where no affidavit is pending, the court still would lack jurisdiction to consider violations that occur at the end of the term but that cannot be charged before the probationary term ends.
We share the district court's concern that in most cases a probationer who commits a crime on the last day of the probationary period cannot be found to have violated probation, under the current statutory scheme. However, under the circumstances, it is the legislature that must address the problem.
Accordingly, we approve the decision below and answer the certified question in the negative.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD, Senior Justice, concurs.
OVERTON, Justice, dissenting.
I dissent. I do not believe that a probationer who commits a probation violation "within the period of probation" may escape any punishment for the violation if the law enforcement authority does not file a probation violation petition or have the probationer arrested within the period of probation. Section 948.06(1), Florida Statutes (1993), provides:
Whenever within the period of probation or community control there are reasonable grounds to believe that a probationer or offender in community control has violated his probation or community control in a material respect, any parole or probation supervisor may arrest or request any county or municipal law enforcement officer to arrest such probationer or offender without warrant wherever found and forthwith return him to the court granting such probation or community control. Any committing magistrate may issue a warrant, upon the facts being made known to him by affidavit of one having knowledge of such facts, for the arrest of the probationer or offender, returnable forthwith before the court granting such probation or community control. Any parole or probation supervisor, any officer authorized to serve criminal process, or any peace officer of this state is authorized to serve and execute such warrant. The court, upon the probationer or offender being brought before it, shall advise him of such charge of violation and, if such charge is admitted to be true, may forthwith revoke, modify, or continue the probation or community control or place the probationer into a community control program. If probation or community control is revoked, the court shall adjudge the probationer or offender *406 guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control. If such violation of probation or community control is not admitted by the probationer or offender, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation or community control violation. If such charge is not at that time admitted by the probationer or offender and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer or offender an opportunity to be fully heard on his behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation or community control or place the probationer into community control. If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.
Clearly, the violation must occur during the probationary period, but, as I read section 948.06(1), there is no requirement that the petition setting forth probable cause of a probation violation must be filed within that period. It is only reasonable that law enforcement officials may not know who committed certain crimes until months after they occur. Under the statutory interpretation in this case, a criminal offender would escape punishment for violating probation if the criminal offense was committed during the probationary period but the authorities were unable to file the petition for violation of probation because they did not know that the offender committed the offense until after the probation period had expired. My interpretation of the phrase "within the period of probation" in section 948.06(1) is that the phrase is intended to allow probation supervisors or law enforcement officers to arrest probationers without a warrant during that period. It has nothing to do with mandating when a petition for probation violation must be filed.
In view of the majority opinion, the legislature should address this issue and make it clear that law enforcement authorities may file a petition for violation of probation within a reasonable period of time after the probationary period has ended.
McDONALD, Senior Justice, concurs.
NOTES
[1] Art. V. § 3(b)(4), Fla. Const.
[2] See, e.g., ch. 74-112, § 10; ch. 91-280, § 5, Laws of Fla. (rewrote section 948.04(2)); ch. 89-526, § 38, Laws of Fla. (amended and made nonsubstantive language changes to section 948.06(1)).