PER CURIAM.
Ernest Cook appeals an order revoking his probation and sentencing him to life imprisonment. We affirm.
Defendant-appellant Cook was shot while committing an armed robbery and was rendered quadriplegic. He pled no *599 contest to multiple serious criminal charges. Although his sentencing guidelines were for a life sentence, owing to his physical condition he was sentenced to two years of community control followed by ten years of probation.
An affidavit of violation was filed, charging that defendant bit a nurse who was caring for him in the nursing home where he had been placed. The trial court found the nurse to be extremely credible and that a battery had been committed. The court revoked defendant’s probation.
The sole claim on appeal is the contention that in revoking his probation, the trial court considered prior misconduct of defendant not charged in the affidavit of violation of probation. That is not a fair reading of the transcript. Plainly the issue for decision was whether defendant had bitten the nurse, as she testified, or whether the charge was a fabrication, as defendant testified.
It is true that, after finding that a battery had been committed, the court orally reviewed the history of the placement of defendant at various nursing home facilities, each of which had resulted in a request for removal of defendant on account of unruly behavior. The judge had previously warned defendant that the legal system had run out of placements for him, and that if he violated probation, there was no other placement left except state prison. These are fairly viewed as the court’s remarks relating to sentencing, and not to the already-announced factual determination that a battery had been committed. The revocation of probation was in accordance with the requirements of law. See Recio v. State, 605 So.2d 553 (Fla. 3d DCA 1992); Randolph v. State, 292 So.2d 374 (Fla. 3d DCA 1974).
Affirmed.