NORTHCUTT, Judge.
T.H. was adjudicated delinquent based on one count of culpable negligence. He challenges the sufficiency of the evidence to support his adjudication and his placement on community control. We affirm with one exception. The order of community control does not state when T.H.’s term ends. When a juvenile is placed on community control, his term may not exceed the maximum term an adult could serve for the same offense. See § 985.231(1)(d), Fla. Stat. (1997); T.J. v. State, 743 So.2d 1158, 1160 (Fla. 2d DCA 1999). Culpable negligence that results in injury to another person is a first-degree misdemeanor, punishable by one year’s imprisonment. See §§ 784.05(2); 775.082(4)(a), Fla. Stat. (1997).
Accordingly, we reverse the order of community control and remand with instructions that T.H.’s term may not exceed one year. Because this term will have expired by the time our mandate issues, we note that if T.H. has allegedly violated his community control, the circuit court has jurisdiction to address only those violations for which appropriate steps were taken to revoke or modify supervision before the one-year term expired. See State v. Hall, 641 So.2d 403 (Fla.1994).
Affirmed in part, reversed in part and remanded.
PARKER, A.C.J., and DAVIS, J., Concur.