939 So.2d 1092 (2006)
MICHAEL STAPLER, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 5D06-1961.
District Court of Appeal of Florida, Fifth District.
Opinion filed September 8, 2006.
Michael Stapler, Avon Park, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Michael Stapler appeals the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Mr. Stapler argues that because his term of community control expired before the revocation proceedings were commenced, the sentencing court lost jurisdiction to proceed. As a consequence, he contends that his sentence is illegal. We disagree and affirm.
It is true, as Mr. Stapler asserts, that upon the expiration of the probationary (or community control) period, "a court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation. . . ." State v. Hall, 641 So. 2d 403, 404 (Fla. 1994) (quoting Carroll v. Cochran, 140 So. 2d 300 (Fla. 1962)). We also agree that such a claim can be asserted under rule 3.800(a), provided that it is apparent from the face of the record that the sentence has been imposed by a court without jurisdiction and does not require an evidentiary hearing. See Slingbaum v. State, 751 So. 2d 89, 89 (Fla. 2d DCA 1999); Jett v. State, 722 So. 2d 211, 212 (Fla. 1st DCA 1998); Wilson v. State, 698 So. 2d 1380, 1381-82 (Fla. 4th DCA 1997).
From the limited record before us, it appears that pursuant to a plea agreement with the State, Mr. Stapler was sentenced to one year of community control with all of the standard, and several special conditions, on April 7, 1998.[1] Mr. Stapler and the State apparently agree that an affidavit alleging various violations of community control was presented to the court on April 5, 1999, and that a warrant was issued the same day. Under the law as it now exists, the issuance of the warrant would have tolled termination of Mr. Stapler's community control supervision, which would have otherwise ended the next day. See § 948.06(1)(d), Fla. Stat. (2005) (stating that upon filing of affidavit alleging violation of probation or community control and following issuance of warrant, probationary period is tolled until court enters ruling on violation); Sepulveda v. State, 909 So. 2d 568, 570 (Fla. 2d DCA 2005). However, Mr. Stapler committed his offenses prior to July 1, 2001, when section 948.06(1) was amended. See ch. 2001-109, § 1, Laws of Fla. The revised tolling statute has been held not to apply retroactively. See Frye v. State, 885 So. 2d 419 (Fla. 1st DCA 2004). Instead, under the law as it existed at the time of Mr. Stapler's revocation proceedings, the arrest warrant was not issued for the purposes of setting in motion the revocation process, until the judge signed the warrant and the warrant had been delivered to the proper executive officer for execution. State v. Boyd, 717 So. 2d 524, 526 (Fla. 1998).
Because the record before us does not disclose whether the violation of community control warrant was delivered to the appropriate sheriff on or before April 6, 1999, we cannot conclude that the trial court lacked jurisdiction to sentence Mr. Stapler after the revocation hearing was conducted. A court of general jurisdiction proceeding within the scope of its powers will be presumed to have jurisdiction to give the judgments and decrees it renders until the contrary is shown. Because the court is presumed to have acted within its powers, the burden is on the accused to affirmatively show that the court had no jurisdiction, unless facts showing the lack of jurisdiction affirmatively appear on the record. 22 C.J.S. Criminal Law § 174 (2002).[2]
Mr. Stapler had the obligation in his rule 3.800(a) motion to allege how and where the record demonstrated the trial court's lack of jurisdiction. Baker v. State, 714 So. 2d 1167, 1167 (Fla. 1st DCA 1998) (holding that, in accordance with the supreme court's decision in State v. Mancino, 714 So. 2d 429 (Fla. 1998), a rule 3.800(a) motion "must affirmatively allege that `the court records demonstrate on their face an entitlement to relief,'" and indicating that "[t]he allegations required by Mancino at a minimum would have to address how and where the record demonstrates an entitlement to relief"). At a minimum, Mr. Stapler's motion should have stated where in the record the information could be located to demonstrate that the violation of community control warrant was not placed into the hands of the sheriff in a timely manner. Mere conclusory allegations are insufficient to satisfy the pleading requirements of the rule. Baker, 714 So. 2d at 1167 n. 1.
Because Mr. Stapler's motion was facially insufficient, we affirm. As a result, we need not address the trial court's conclusion that Mr. Stapler would have been in violation of his probation even if his community control had expired.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] At sentencing, Mr. Stapler was sentenced to one year community control followed by four years of probation. In sentencing Mr. Stapler, the trial judge said:

If you are able to enroll in the armed forces, the remainder of the supervision will be converted to administrative probation. If you do not complete all special conditions within the year of community control, then the sentence which I am suspending at this time will be imposed and that suspended sentence is that of four years of probation and that would be consecutive to the community control. . . .
It is difficult to discern whether the suspended portion of Mr. Stapler's sentence was authorized under Poore v. State, 531 So. 2d 161 (Fla. 1988). It is hard to fit such a sentence into one of the five basic sentencing alternatives set forth in Poore, given the suspended nature of the probation that might have followed Mr. Stapler's community control. It would have been simpler if the sentencing judge had made it clear that probation would automatically follow the community control, unless Mr. Stapler sought an early termination based on his successful completion of the special conditions as agreed.
[2] Although not argued by the State, Mr. Stapler's failure to assert the alleged jurisdictional defect during the revocation proceedings may have waived the claim. "Criminal jurisdiction involves concepts of subject matter jurisdiction and personal jurisdiction. . . . Subject matter jurisdiction encompasses those matters upon which a court has the power to act, and refers to a court's authority to determine a particular kind of case, not merely the particular case then occupying the court's attention, while personal jurisdiction deals with the authority of a court to bind the parties to an action." 21 Am. Jur. 2d Criminal Law § 480 (1998) (footnotes omitted).

Our review of the cases demonstrates that while Florida courts often speak of a court's loss of jurisdiction to proceed against a defendant unless revocation proceedings are commenced prior to the expiration of supervision, the cases do not clearly indicate whether it is personal or subject matter that is lost by the court. If the court has subject matter jurisdiction, the objection that it has no jurisdiction over the person of the accused may be waived. 22 C.J.S. Criminal Law § 175 (2002). On the other hand, if the defect concerns subject matter jurisdiction, it cannot be waived, but may be raised at any time. In State v. Hall, 641 So. 2d 403 (Fla. 1994), the supreme court reaffirmed that "upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation. . . ." (quoting Carroll v. Cochran, 140 So. 2d 300, 301 (Fla. 1962)). If indeed, as the court said, it was speaking of "jurisdiction over the person of the probationer," we see no reason why such a defect cannot be waived by failing to assert it in a timely manner.