NELSON, DUBBS, *Plaintiff in Error*, v. M. P. LEHMAN Sheriff of Dade County, Florida, *Defendant in Error*.

Division B.

Opinion filed September 11, 1930.

*J. Walter Kehoe, Jr.,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, for defendant in Error.

BUFORD, J.—In this case an affidavit was made by one Tom Thompson in the following language:

"In the Justice of the Peace Court, Fourth District, State of Florida.

State of Florida

      v.          Dade County.

Nelson Dubbs.

"Before me, Dale Payne, justice of the peace in and for said county, personally came Tom Thompson, who being duly sworn, says that on the 16th day of February, A. D. 1928, in the county aforesaid, one Nelson Dubbs did then and there unlawfully break and enter the dwelling house of Tom Thompson in the day time and did then and there take, steal and carry away currency in the amount of seven hundred and ninety-six dollars. Check drawn on the Third National Bank of Miami in the sum of thirty dollars, issued by the Tivoli Restaurant, check made payable to Tom Thomp-

son, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida.

TOM THOMPSON.

"Sworn to and subscribed before me this the 20th day of February, A. D. 1928.

"DALE PAYNE,

"Justice of the Peace, Fourth District,"

upon which a warrant was issued and on said warrant the following return appears:

"In the Justice of the Peace Court, Fourth District, Dade County, Florida.

State of Florida

v.

Nelson Dobbs.

Breaking and Entering

WARRANT

Received this warrant the 16th day of June, 1930, and executed the same on the 16th day of June, 1930, by arresting the within named defendant and having him now before the court.

| | |
|---|---|
| Arrest | 2.00 |
| Return | .25 |
| Mileage | 1.50 |
| Commitment | 1.00 |
| Recommitment | .50 |
| Release | .50 |
| Total | 5.75 |

M. P. LEHMAN, Sheriff Dade. Co.

By P. M. Daniels, D. S.

12 miles total."

On July 28th, 1930, the Honorable G. E. McCaskill, County Solicitor for the County of Dade, filed an in-

formation against Nelson Dubbs charging the said Nelson Dubbs with grand larceny alleged to have been committed on February 16th, 1928, in that he, the said Nelson Dubbs, "did then then and there unlawfully and feloniously take, steal and carry away the money, goods and chattels of one Tom Thompson, to-wit: Seven Hundred and Ninety-six Dollars in United States Currency, good and lawful money of the United States of America, a better and more particular description of said money, and the denominations thereof being to the County Solicitor unknown, being then and there of the value of Seven Hundred and Ninety-six Dollars, good and lawful money of the United States of America;" and in the information it is alleged that Tom Thompson appeared before the Honorable Dale Payne, a Justice of the Peace of the Fourth District of Dade County, Florida, and did make an affidavit and cause to be issued by the Justice of the Peace a warrant charging the said Nelson Dubbs with the offense of grand larceny. The information sets out the affidavit as hereinabove quoted and alleges that the warrant was issued, directed to the Sheriff of the State of Florida and Constables of the said County of Dade, commanding them to arrest Nelson Dubbs. The information sets out the return on the warrant as above quoted, which shows that the warrant was not delivered to the Sheriff until the 16th day of June, 1930. The information then alleges:

"That said warrant was not served upon the said Nelson Dubbs until the 16th day of June, 1930, because and for the reason that the said Nelson Dubbs, before said warrant could be served upon him, fled from the State of Florida, and went into other States and places beyond the territorial limits of the State of Florida, and that upon the return of the said Nelson Dubbs to the State of Florida, as soon as he, the said

Nelson Dubbs, could be located, the said warrant was, on the 16th day of June 1930, duly served upon the said Nelson Dubbs, and he was then and there taken into custody and that this information is based upon the warrant and affidavit and prosecution instituted against the said Nelson Dubbs on the 16th day of February A. D. 1928, contrary to the form of statute in such cases made and provided and against the peace and dignity of the State of Florida.''

It will be observed that it is alleged in the information that ''this information is based upon the warrant and affidavit and prosecution instituted against the said Nelson Dubbs on the 16th day of February, A. D. 1928''.

The accused being arrested and placed in jail, sued out writ of *habeas corpus* before the Circuit Judge. The contention of the accused was, and is, that the statute of limitations had run before the commencement of the prosecution in this case. On hearing, the Circuit Judge remanded the petitioner to the custody of the Sheriff.

If the affidavit made by Thompson before the Justice of the Peace and the warrant issued thereon charged the accused with any criminal offense against the laws of the State of Florida and the record further showed that the warrant was placed in the hands of the proper officer to be executed prior to the expiration of the period of the statute of limitations, we would hold under authority of the opinion in the case of Rouse v. State, 44 Fla. 148, 32 So. R. 784, and cases there cited, that the judgment of the Circuit Court should be affirmed.

It appears that the original affidavit was intended to charge the offense of breaking and entering the building of another in the day time, but it utterly fails to charge such offense because it does not allege the ownership of the building and *non constat* the building may have been the proper-

ty of the accused. If it should be contended that the original affidavit charged grand larceny, which is the prosecution now sought to be consummated against the accused, it is insufficient as a basis for such prosecution because it utterly fails to charge the essential elements of larceny.

The mere making of an affidavit before a Justice of the Peace is not sufficient to constitute the commencement of a prosecution. The prosecution is not in progress until a warrant is issued. Rouse v. State, *supra*. The issuance of a warrant consists of the execution of the warrant by the commiting magistrate and the placing of the warrant in the hands of a proper executive officer for execution.

The word "issue" in this connection is defined by Webster's New International Dictionary, "to send out officially; to deliver by authority; to publish or utter; to put into circulation; to emit, as to issue an order, to issue a writ, to issue notes."

A magistrate may not issue a writ by merely writing out the same in legal form and executing it and then concealing it, or putting it away amongst his papers, but for the writ to be issued it must be executed and placed in motion by delivery to the proper executive officer.

The information filed shows by its own allegations that the warrant was not issued until more than two years after the date of the alleged commission of the offense, when on the 16th day of June, 1930, it was placed in the hands of the Sheriff of Dade County for execution.

For the reasons stated, the judgment of the Circuit Court should be reversed with directions that the petitioner be discharged.

It is so ordered.

Reversed and remanded.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.