412 So.2d 10 (1981)
Henry Shoemaker GARDNER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1409.
District Court of Appeal of Florida, Second District.
December 30, 1981.
Joseph M. Ciarciaglino, Jr., of Osborne & Ciarciaglino, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Chief Judge.
Appellant pled guilty and was placed on probation for three years on April 7, 1978. On April 7, 1981, the state filed an affidavit that he had violated his probation. At the evidentiary hearing to determine whether probation should be revoked appellant moved to dismiss the charges on the ground that his probationary period had expired. The court denied the motion, revoked appellant's probation, and sentenced him to four years in prison. Appellant contends the court was without jurisdiction to revoke his probation. We agree.
The appellant was placed on probation on April 7, 1978. At that time he became subject to all the conditions and responsibilities attendant thereto. This period of probation terminated three years later on April 6, 1981.
Upon expiration of the probationary period, the court is divested of all jurisdiction over the probationer unless prior to that time the processes of the court have been set in motion for revocation or modification of probation. Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA 1978); Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978); Hopson v. State, 339 So.2d 1152 (Fla. 2d DCA 1976); Ard v. Shelby, 97 So.2d 631 (Fla. 1st DCA 1957). Here the state's affidavit alleging appellant had violated his probation was not filed until one day after his term of probation expired. Therefore, the court had no jurisdiction to revoke his probation.
Accordingly, we vacate the sentence imposed by the trial court and direct the court to enter an order discharging appellant.
HOBSON and BOARDMAN, JJ., concur.