410 So.2d 588 (1982)
Victor B. WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-220.
District Court of Appeal of Florida, Second District.
February 26, 1982.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Victor Banks White contends that, because the revocation process was not set in motion prior to the expiration of his probationary period, the trial judge had no authority to revoke his probation. He is correct. We, therefore, vacate that part of the order of the trial judge which revoked White's probation for the crime of resisting arrest without violence.
On December 27, 1978, the state charged White with grand theft in the second degree and resisting arrest without violence. On January 11, 1979, White pled guilty to both charges. That same day the trial judge withheld adjudication of guilt and placed White on two years' probation for grand theft and one year's probation for resisting arrest. On July 24, 1980, an affidavit for violation of four conditions of probation was filed. On October 31, 1980, an amended affidavit for violation of two conditions of probation was filed. The amended affidavit alleged that White had violated one condition in September and November of 1979 and in January through September, 1980, and the other in August, 1980.
Revocation hearings were held on November 12, December 1, and December 8, 1980. At the conclusion of the hearings, the trial judge found that White had violated the terms of his probation as alleged in the amended affidavit. The judge then adjudicated White guilty of both offenses for which he had been placed on probation and sentenced him to five years' imprisonment for grand theft and one year's imprisonment for resisting arrest. The terms of imprisonment were to run consecutively.
A trial court lacks jurisdiction to revoke probation for violations which occur during the probationary period unless the revocation process is set in motion during *589 the probationary period. Gardner v. State, 412 So.2d 10 (Fla.2d DCA 1981); Bouie v. State, 360 So.2d 1142 (Fla.2d DCA 1978); Carpenter v. State, 355 So.2d 492 (Fla.3d DCA 1978); §§ 948.04(2) and 948.06(2), Fla. Stat. (1977). White's term of probation imposed on the charge of resisting arrest without violence expired on January 10, 1980. Thus, the trial judge lacked jurisdiction to revoke White's probation for that offense because the term of probation expired before the affidavits were filed. See Polite v. State, 371 So.2d 206 (Fla.2d DCA 1979); § 775.082(4)(a), Fla. Stat. (1977).
Accordingly, we reverse and vacate that part of the trial court's order which revoked White's probation for the offense of resisting arrest without violence, adjudicated him guilty, and sentenced him to one year in prison.
We affirm the balance of the order, which revoked White's probationary term for the crime of grand theft, adjudicated him guilty of that offense, and sentenced him to five years' imprisonment. We do so because the revocation proceedings were completed during the two years' probationary period for that felony offense.
Affirmed in part and reversed in part with directions to vacate the order of revocation of probation, adjudication of guilt and sentence for the resisting arrest offense.
BOARDMAN, Acting C.J., and RYDER, J., concur.