511 So.2d 444 (1987)
Ronald RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 86-470.
District Court of Appeal of Florida, Second District.
August 21, 1987.
*445 James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Ronald Rodriguez, appeals an order extending the term of his probation. We find that the trial court did not have jurisdiction to enter the order appealed from and, accordingly, reverse.
On January 10, 1985, the trial court placed appellant on probation for a period of one year after he pled nolo contendere to a charge of obtaining property in exchange for a worthless check. As one of the conditions of probation, the trial court required appellant to pay certain court costs within the probationary period. Appellant failed to pay these costs, and an affidavit charging him with violating the terms and conditions of his probation was filed on January 13, 1986. A warrant charging the appellant with violating the terms and conditions of his probation was issued the same day. At the conclusion of the appellant's probation revocation hearing, the trial court found him guilty of violating the conditions of his probation. The court then entered an order extending appellant's probation for eighteen months with the provision that the probation would be terminated upon satisfaction of the appellant's financial obligations. This timely appealed followed.
We agree with the appellant's contention that his probation had expired prior to the state's attempt to revoke it and that, therefore, the trial court did not have jurisdiction to proceed.
A trial court lacks jurisdiction to revoke probation for violations which occur during the probationary period unless the revocation process is set in motion during the probationary period. Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981); White v. State, 410 So.2d 588 (Fla. 2d DCA 1982); Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978). Although the affidavit in this case was signed prior to the expiration of the term of probation, the revocation process was not set in motion until the affidavit was filed on January 13, 1986, four days after appellant's period of probation had expired. See Gardner; White.
Since the appellant's probation had expired prior to his being charged with violating the terms and conditions thereof, the court had lost jurisdiction to proceed. Gardner; White. We, accordingly, reverse and remand with instructions to discharge the appellant on this charge.
Reversed and remanded.
SCHEB, A.C.J., and THREADGILL, J., concur.