WENTWORTH, Judge.
Appellant seeks review of a probation revocation order. He argues that a 15-month delay between the filing of the affidavit of revocation and his arrest violated his constitutional right to due process, and that the trial court erred in denying his motion to dismiss the affidavit. We affirm.
Appellant on July 29,1983 plead guilty to three counts of aiding in a lottery, in violation of section 849.09(l)(d), Florida Statutes, and was placed on probation for a period of five years. His probation was modified twice following the filing of two affidavits of violation of probation. A third affidavit of violation, alleging that appellant had failed to live at liberty without violating the law, was filed April 9, 1985. Appellant was arrested July 2, 1986. On the day of the probation revocation hearing appellant submitted to the court a motion to dismiss the affidavit on the ground that the 15-month delay between the filing of the affidavit and the arrest violated his due process rights. After appellant presented the legal and factual basis for the motion, the state objected to the motion as untimely in that appellant had served the motion to the state only 30 minutes prior to the hearing. The court denied the motion as untimely filed and found that any issues raised regarding appellant’s due process rights had been waived. The court then found that based on a conviction for breach of peace and disorderly intoxication, appellant had violated his probation.
Appellant incorrectly analogizes the 15-month prearrest delay in this case to the deprivation of the constitutional right to a speedy trial. Speedy trial considerations do not apply to revocation of probation proceedings because revocation is a sentencing function rather than a trial. Gonzalez v. State, 447 So.2d 381 (Fla. 3d *304 DCA 1984). Although probation revocation proceedings must comply with the minimal requirements of due process, those requirements involve the probationer’s right to have notice of the charges filed against him, to confront and present witnesses, and to have a hearing before a neutral and detached body. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). A probationer’s due process right to a hearing within a reasonable time after being taken into custody is held to be satisfied by the statutory requirement for a hearing within 10 days of the probationer’s arrest. Bernhardt v. State, 288 So.2d 490 (Fla.1974). The decisions do not, however, support a similar due process right to arrest within a reasonable time following the filing of the affidavit of revocation. Because we find no due process violation in the 15-month prearrest delay in this case, we conclude that appellant’s motion to dismiss was not based upon the fundamental grounds necessary to remove it from the time requirements of Florida Rule of Criminal Procedure 3.190(c). The trial judge therefore properly denied the motion as untimely.
The order is affirmed.
BOOTH and THOMPSON, JJ., concur.