HALL, Judge.
James Kilpatrick appeals the revocation of his probation and that part of his sentence directing him to pay court costs. We affirm the appellant’s sentence but strike the court costs.
The appellant was placed on probation for a period of two years on October 10, 1984. On November 5, 1984, an affidavit of violation of probation was filed alleging that the appellant had violated conditions eight and eleven of his probation by failing to appear at appointments as directed and by failing to remain confined at an approved residence. At the appellant’s probation revocation hearing on May 16, 1986, the appellant’s counsel stated, “We’re here this morning on an amended affidavit of violation of probation. At this time Mr. Kilpatrick would deny everything except on the second page the first three violations of condition five.” The amended affidavit was dated April 25, 1986, but it was not filed until June 2, 1987. The three violations of condition five consisted of a grand theft and two petit thefts committed on October 17, 1984. At the conclusion of the hearing the trial judge found the appellant in violation of condition five in accordance with the appellant’s admissions and asked if there were any legal cause why sentence should not be imposed. The appellant’s counsel responded in the negative. The judge revoked the appellant’s probation and entered judgment and sentence against him on May 30, 1986. The appellant then filed this appeal on June 6, 1986.
The appellant now argues that his probation was improperly revoked because the violations for which it was revoked were not alleged in the affidavit of violation of probation. He contends that, although the violations were alleged in the amended affidavit, that affidavit was not filed until after the expiration of the appellant’s two-year term of probation, at which time the trial court did not have jurisdiction to revoke the appellant’s probation. The appellant cites Rodriguez v. State, 511 So. 2d 444 (Fla. 2d DCA 1987), in support of his argument. However, Rodriguez is distinguishable in that the only affidavit of violation of probation filed in that case was filed after Rodriguez’s term of probation had expired. Thus, all action to revoke Rodriguez’s probation took place after the expiration of the term of probation. In the instant case, by contrast, the revocation hearing was held and the appellant’s judgment and sentence were entered, before the expiration of the appellant’s probation. Furthermore, and most important, the amended affidavit was obviously the affidavit with which all parties were working at the revocation hearing. Thus, the appellant knew the allegations of violations against him and was not deprived of any of his rights of due process. Hall v. State, 512 So.2d 303 (Fla. 1st DCA 1987) (probationers’ rights to due process consist of right to notice of charges filed against them, right to confront and present witnesses, and right to a hearing before a neutral and detached body). Under these particular facts it would be a mockery of justice to reverse the revocation of the appellant’s probation because the amended affidavit, the allegations of which the appellant admitted at his revocation hearing, was not timely entered into the record.
The appellant also argues that his probation was improperly revoked because there was no evidence presented to show that he had committed the petit thefts. Because the appellant pled guilty to the charges of petit theft in the amended affidavit, it was not necessary that evidence of their commission be presented. Peterson v. State, 506 So.2d 94 (Fla. 2d DCA 1987).
*58 The appellant asserts as his last argument that he was not provided advance notice and an opportunity to be heard on the imposition of court costs pursuant to sections 960.20 and 943.25, Florida Statutes (1985), as is required by Jenkins v. State, 444 So.2d 947 (Fla.1984). Our review of the record reveals that the trial court failed to comply with Jenkins in this regard.
Accordingly, we strike the imposition of costs without prejudice to the trial court to reimpose them after compliance with the notice and hearing requirements of Jenkins
Affirmed in all other respects.
SCHEB, A.C.J., and SCHOONOVER, J., concur.