559 So.2d 377 (1990)
Robert James FRYSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2854.
District Court of Appeal of Florida, First District.
April 5, 1990.
Jack Behr, Public Defender, Charles V. Peppler, Asst. Public Defender, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
*378 SHIVERS, Chief Judge.
Appellant/defendant appeals the trial court's revocation of his probation, raising two issues: (1) that the trial court was without jurisdiction to order revocation, and (2) that the probation which the trial court revoked illegally followed a term of community control. We affirm on both points.
The record on appeal indicates that appellant was sentenced on March 10, 1987 to six months probation for possession of more than 20 grams of cannabis, to be followed by 18 months probation for possession of cannabis with intent to sell or deliver. On March 8, 1989, an affidavit was filed by appellant's probation officer, alleging that appellant had violated his probation by failing to file reports and failing to complete a drug abuse program. On March 9, 1989 (the last day of appellant's term of probation), the trial court signed an arrest warrant based on the March 8, 1989 affidavit. Appellant was not arrested until July 1, 1989, however, and the date stamp on the affidavit of violation of probation indicates that it was not filed with the circuit court until November 21, 1989.
A violation of probation hearing was conducted on October 12, 1989, during which appellant moved to dismiss the proceedings on the grounds that the affidavit was not timely filed within his term of probation. The trial court denied the motion, finding that the warrant was signed and issued prior to the expiration of probation. Appellant was adjudicated guilty of violation of probation and sentenced to three and one-half years incarceration. We affirm the trial court's denial of appellant's motion to dismiss the violation of probation proceedings.
The general rule regarding timeliness of probation revocation proceedings was set out by this court in State ex rel. Ard v. Shelby, 97 So.2d 631 (Fla. 1st DCA 1957), as follows:
It is clear that upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation....
97 So.2d at 632 (emphasis supplied). See also Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981); Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981); Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978); Bass v. State, 473 So.2d 1367, 1369 (Fla. 1st DCA 1985) ("[p]roceedings to revoke probation must be commenced prior to the expiration of probation." (e.s.)) Although the affidavit of violation in the instant case was not filed until after appellant's term of probation had ended, it is clear that the action which set the revocation processes in motion  i.e., the signing of the affidavit of violation and the issuance of an arrest warrant based on the affidavit  took place prior to the expiration of probation.
We affirm the second issue as well, since a direct appeal of appellant's 1987 sentence is clearly untimely at this point. In any event, it is clear that the 1987 sentence of community control followed by probation was not improper. See Ray v. State, 556 So.2d 495 (Fla. 1st DCA 1990), approving the imposition of probation followed by community control, and Denson v. State, 556 So.2d 823 (Fla. 1st DCA 1990), withdrawing this court's earlier opinion in Denson v. State, 14 F.L.W. 2053 (Fla. 1st DCA September 1, 1989) and affirming orders placing the appellant on community control followed by probation.
WIGGINTON and BARFIELD, JJ., concur.