574 So.2d 1216 (1991)
STATE of Florida, Appellant,
v.
Larry G. WIMBERLY, Appellee.
No. 90-01252.
District Court of Appeal of Florida, Second District.
February 22, 1991.
*1217 Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellee.
RYDER, Acting Chief Judge.
The State of Florida seeks review of the trial court's order dismissing the revocation of probation proceedings against Wimberly. We reverse.
Wimberly's probation period was to expire on December 17, 1988. However, on December 15, 1988, Wimberly's probation officer signed an affidavit charging Wimberly with failure to make reports and payments required of him as a condition of his probation. The affidavit was then submitted to the court and on Friday, December 16, 1988, the trial judge signed and issued a warrant ordering Wimberly's arrest for violation of probation and forwarded both documents to the office of the clerk. Although the affidavit was stamped "filed" by the court clerk's office on Monday, December 19, 1988, at 9:00 a.m., the copy of the warrant contained in the record on appeal indicates that it was "filed" with the clerk on February 15, 1989, after service was attempted. That service was attempted on January 5, 1989, but was returned as Wimberly was not at the stated address.
On March 15, 1990, Wimberly moved to dismiss the violations charged because the affidavit was filed after the probation period had expired. The state argued that the probation revocation was timely because the process had been set in motion by the signing of the affidavit and the issuance of the warrant. The trial court agreed with Wimberly and dismissed the revocation proceedings.
A trial court lacks jurisdiction to revoke probation for violations which occur during the period of probation unless the revocation process is set in motion during the probationary period. Rodriguez v. State, 511 So.2d 444 (Fla. 2d DCA 1987); White v. State 410 So.2d 588 (Fla. 2d DCA 1982); Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981).
Wimberly relies on this court's opinion in Rodriguez, in which we held that the mere signing of an affidavit by a probation officer prior to the expiration of the probation period was not sufficient to set the revocation process in motion. The affidavit in Rodriguez was later filed with the clerk of court four days after the expiration of the period.
The case sub judice is distinguishable from Rodriguez, because here, not only was the affidavit submitted to the court prior to the expiration of the period, but an arrest warrant was issued also prior to the expiration of the period of probation. Thus, by these actions, the revocation process was set in motion before the probation period expired. See Fryson v. State, 559 So.2d 377 (Fla. 1st DCA 1990). Accordingly, the case is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded with instructions.
THREADGILL and PARKER, JJ., concur.