699 So.2d 295 (1997)
Richard K. BOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2349.
District Court of Appeal of Florida, First District.
September 16, 1997.
*296 Nancy A. Daniels, Public Defender; Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Laura M. Fullerton and Carolyn J. Mosley, Assistant Attorneys General, Tallahassee, for Appellee.
WEBSTER, Judge.
Appellant seeks review of final orders revoking his community control and imposing a prison sentence. He contends that the trial court had lost jurisdiction several years before it entered those orders because a previously imposed probationary term had expired. We agree and, accordingly, reverse. We also certify to the supreme court a question which we believe to be of great public importance.
Although not in dispute, the relevant facts are somewhat involved. Having entered no contest pleas to various offenses, appellant was sentenced in 1988 to four years in prison, to be followed by two years on probation. After he had served the incarcerative portion of his sentence and begun the probationary portion, appellant was charged with a violation of probation, which he admitted. On March 27, 1990, appellant was placed back on probation for one year.
An affidavit alleging that appellant had violated the terms of his probation was subsequently signed on March 6, 1991. An arrest warrant was signed by a circuit judge on March 25, 1991. The record does not indicate when the warrant was delivered to the sheriff for execution. Both the affidavit and the warrant were filed on March 29, 1991.
Appellant was not arrested pursuant to the warrant until February 1995. He did not contest the affidavit alleging that he had violated the conditions of his probation. Accordingly, in August 1995, appellant's probation was revoked, and he was placed on community control for one year.
In January 1996, an affidavit was filed alleging that appellant had violated the conditions of his community control. Appellant was arrested pursuant to a warrant in April 1996. At his revocation hearing, appellant moved to dismiss the affidavit charging a violation of community control. He argued that the trial court had lost jurisdiction in 1991, because there was no indication in the record that the arrest warrant for the violation of probation had issued before his probationary term had expired. The trial court denied the motion, revoked appellant's community control and sentenced him to prison. This appeal follows.
On appeal, appellant argues that, because he challenged the jurisdiction of the trial court, it was incumbent upon the state to establish that jurisdiction existed. He contends that the state failed to do this because it did not establish that sufficient action had been taken on the affidavit alleging a violation of probation before appellant's probationary term had expired; in particular, that the arrest warrant had been issued. The state responds that it was not obliged to establish that the warrant had been issued before the probationary term expired because the acts that did occur before the expiration of that term were sufficient.
In State ex rel. Ard v. Shelby, 97 So.2d 631, 632 (Fla. 1st DCA 1957), this court said "that upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation pursuant to Section 948.06, F.S." At the time Ard was written, "the processes ... for revocation or modification of probation pursuant to Section 948.06, F.S." could be commenced either by arrest without a warrant, or by arrest pursuant to a warrant issued by a committing magistrate after review of an affidavit stating facts sufficient to create a reasonable belief that a violation had occurred. § 948.06(1), *297 Fla. Stat. (1957). That portion of section 948.06 remains substantively unchanged. § 948.06(1), Fla. Stat. (1995). The supreme court approved the foregoing language from Ard in Carroll v. Cochran, 140 So.2d 300 (Fla.1962). In Carroll, the court concluded that "the processes of the trial court had been set in motion, for the warrant for petitioner's arrest because of his violation of probation was issued within the period of probation." Id. at 301.
More recently, in Fryson v. State, 559 So.2d 377 (Fla. 1st DCA 1990), this court applied the foregoing language from Ard, which it referred to as "[t]he general rule regarding timeliness of probation revocation proceedings." Id. at 378. In Fryson, we rejected the appellant's argument that the trial court had been without jurisdiction to revoke his probation with the following explanation:
Although the affidavit of violation ... was not filed until after appellant's term of probation had ended, it is clear that the action which set the revocation processes in motioni.e., the signing of the affidavit of violation and the issuance of an arrest warrant based on the affidavittook place prior to the expiration of probation.
Id. (emphasis in original). A fair reading of this language leads to the conclusion that the court was of the opinion that both the signing of the affidavit of violation and the issuance of the arrest warrant were necessary to set the revocation process in motion. In fact, the Second District has so read Fryson.
In State v. Wimberly, 574 So.2d 1216 (Fla. 2d DCA 1991), the trial court had dismissed a probation violation proceeding, concluding that it lacked jurisdiction. The state appealed. On appeal, Wimberly relied on an earlier Second District decision, Rodriguez v. State, 511 So.2d 444 (Fla. 2d DCA 1987). In Rodriguez, the court had held that the mere fact that the affidavit alleging a violation of probation had been signed before the probationary term had expired was not sufficient to set the revocation process in motion when the affidavit had not been filed, and the arrest warrant had not been issued, until after the term had expired. The Wimberly court distinguished Rodriguez with the following language:
The case sub judice is distinguishable from Rodriguez, because here, not only was the affidavit submitted to the court prior to the expiration of the period, but an arrest warrant was issued also prior to the expiration of the period of probation. Thus, by these actions, the revocation process was set in motion before the probation period expired. See Fryson v. State, 559 So.2d 377 (Fla. 1st DCA 1990).
574 So.2d at 1217.
Based upon the foregoing analysis, we determine that a necessary condition precedent to a conclusion that the process of revocation has been set in motion is a finding that an arrest warrant has been issued; the fact that an affidavit has been signed is, by itself, insufficient to support such a conclusion. Appellant argues that there is no evidence in the record that the arrest warrant was issued before his probationary term expired. The state counters that the warrant was issued when it was signed by the judge, on March 25, 1991. We believe that the resolution of this disagreement is found in Dubbs v. Lehman, 100 Fla. 799, 130 So. 36 (1930).
In Dubbs, the petitioner had filed a petition for writ of habeas corpus in the trial court, claiming that he was entitled to release because the statute of limitations had run on the offense with which he was charged before the prosecution had commenced. The trial court denied relief, and the petitioner sought review in the supreme court. The supreme court said that a prosecution does not commence for statute of limitations purposes until an arrest warrant is issued. More importantly for purposes of this appeal, the court said, further, that "[t]he issuance of a warrant consists of the execution of the warrant by the committing magistrate and the placing of the warrant in the hands of a proper executive officer for execution." Id. at 804, 130 So. at 38 (emphasis added). Although the arrest warrant had been signed by the committing magistrate before the applicable statute of limitations had run, because it had not been placed in the hands of the sheriff for execution until after the limitations period *298 had expired, the supreme court reversed, and remanded with directions that the petitioner be discharged. Based on Dubbs, we conclude that an arrest warrant is not issued for purposes of setting in motion the revocation process until it has been delivered to the appropriate county sheriff for execution.
It is settled that the question of whether the revocation process has been timely commenced is a jurisdictional one. E.g., State v. Hall, 641 So.2d 403 (Fla.1994). Appellant having raised that jurisdictional question in the trial court, the burden was on the state to establish that revocation had been timely commenced. See Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988) (when jurisdiction is challenged by claim that statute of limitations has run, burden is on state to establish that prosecution is not barred). The state failed to carry its burden because it did not establish that the arrest warrant had been delivered to the sheriff for execution before appellant's probationary term had expired. Accordingly, we reverse, and remand with directions that the affidavit alleging a violation of community control be dismissed, and that appellant be discharged. However, we also certify the following question to the supreme court, as one of great public importance:
WHEN AN ARREST WARRANT IS SIGNED BY A JUDGE BASED UPON AN AFFIDAVIT ALLEGING A VIOLATION OF PROBATION OR COMMUNITY CONTROL, IS DELIVERY OF THE WARRANT TO THE APPROPRIATE COUNTY SHERIFF FOR EXECUTION A NECESSARY CONDITION PRECEDENT TO COMMENCEMENT OF THE REVOCATION PROCEEDING FOR THE PURPOSE OF DETERMINING WHETHER THE PROCEEDING HAS BEEN COMMENCED BEFORE THE EXPIRATION OF THE TERM OF PROBATION OR COMMUNITY CONTROL?
REVERSED and REMANDED, with directions.
ALLEN, J., concurs.
MICKLE, J., dissents with written opinion.
MICKLE, Judge., dissenting.
I would affirm the revocation orders and the sentences imposed thereon. In order for a trial court to acquire jurisdiction for the purpose of revoking of probation or community control, all that is required is that the "processes of the court" be set in motion for the revocation prior to the expiration of the probationary period. See section 948.06(1), Florida Statutes; State ex rel. Ard v. Shelby, 97 So.2d 631, 632 (Fla. 1st DCA 1957); and Carroll v. Cochran, 140 So.2d 300, 301 (Fla. 1962). In Fryson v. State, 559 So.2d 377 (Fla. 1st DCA 1990), and State v. Wimberly, 574 So.2d 1216 (Fla. 2d DCA 1991), it was held that jurisdiction was invoked for the purpose of revoking probation so long as the affidavit of violation of probation was signed within the probationary period and the arrest warrant was signed and issued within the probationary period. Unfortunately, neither decision expressly defines what constitutes the "issuance" of an arrest warrant.
Sub judice, the majority relies on the 1930 supreme court decision in Dubbs v. Lehman, 100 Fla. 799, 130 So. 36 (1930), for the proposition that an arrest warrant is not issued for purposes of setting in motion the revocation process until it is placed in the hands of the appropriate county sheriff for execution. I cannot agree that the language in Dubbs serves to divest the lower court of jurisdiction under the facts of the instant case. The precise holding in Dubbs was that a prosecution does not commence for the purpose of the statute of limitations until an arrest warrant is issued, that is, until the warrant is executed by the committing magistrate and delivered to a proper executive officer for execution. However, in the context of initiating the procedure for revoking probation or community control, where all that is required is that the revocation process be set in motion, issuance of a warrant should be deemed effectuated when the warrant is signed by the judge. The language in Wimberly and Fryson does not indicate that the signing and issuing of a warrant are separate and distinct acts. Rather, it can be implied from those decisions that the two are one in the same. Furthermore, Florida Rule of Criminal Procedure 3.121, which governs arrest warrants, *299 does not indicate that a warrant is not considered issued until it is delivered to a sheriff.
Appellant's probationary period was set to expire on March 27, 1991. On March 6, 1991, prior to the expiration of the probationary term, and affidavit of violation of probation was signed. An arrest warrant was signed on March 25, 1991, although it was not filed until after the probationary period had expired. The affidavit of violation of probation was signed and the arrest warrant was signed and issued within the probationary period, serving to set the revocation process in motion. Fryson and Wimberly call for affirmance of the revocation orders. To allow appellant to escape his prison sentence imposed upon revocation of community control upon a technical requirement that the arrest warrant had to be placed in the hands of the sheriff would defeat the purpose of section 948.06(1), and would undermine the holdings in Fryson and Wimberly.
I agree with certification of the question set forth by the majority.