WELLS, Justice.
We have for review a decision passing upon the following question certified to be of great public importance:
WHEN AN ARREST WARRANT IS SIGNED BY A JUDGE BASED UPON AN AFFIDAVIT ALLEGING A VIOLATION OF PROBATION OR COMMUNITY CONTROL, IS DELIVERY OF THE WARRANT TO THE APPROPRIATE COUNTY SHERIFF FOR EXECUTION A NECESSARY CONDITION PRECEDENT TO COMMENCEMENT OF THE REVOCATION PROCEEDING FOR THE PURPOSE OF DETERMINING WHETHER THE PROCEEDING HAS BEEN COMMENCED BEFORE THE EXPIRATION OF THE TERM OF PROBATION OR COMMUNITY CONTROL?
Boyd v. State, 699 So.2d 295, 298 (Fla. 1st DCA 1997). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed herein, we hold that an arrest warrant is not issued for the purpose of setting in motion the probation revocation process until a judge has signed the warrant and the warrant has been delivered to the proper executive officer for execution.
Boyd pled no contest to charges of kidnap-ing and misdemeanor battery. The trial court adjudicated Boyd guilty on both charges and sentenced him to four years’ imprisonment followed by two years of probation. While serving the probationary portion of his sentence, Boyd was charged with and admitted to violating his probation. On March 27, 1990, the trial court sentenced Boyd to a one-year probation.
On March 6,1991, Boyd’s probation officer signed an affidavit alleging that Boyd had again violated his probation. On March 25, 1991, a circuit judge signed a warrant for Boyd’s arrest. The record does not indicate when the warrant was delivered to the sheriff for execution. However, the record indicates that both the affidavit of violation of probation and the arrest warrant were filed on March 29,1991.
Boyd was arrested in February of 1995. The court found Boyd guilty of violating his probation and placed him on community control for one year. Boyd subsequently violated his community control. At his revocation hearing, Boyd moved to dismiss the case against him, arguing that the trial court lost jurisdiction over him on March 27, 1991. The court denied the motion. Boyd pled no contest to violating community control, reserving his right to appeal the jurisdiction issue. The court then sentenced Boyd to eighteen years’ imprisonment.
On appeal, the First District reversed. Boyd v. State, 699 So.2d 295, 298 (Fla. 1st DCA 1997). The issue before the district *526 court was whether the revocation process had been set in motion before Boyd’s term of probation expired on March 27, 1991. The court determined that the answer to this question depended upon whether Boyd’s arrest warrant was deemed “issued” when the judge signed it on March 25, 1991. The court concluded that the signing of the warrant, by itself, was insufficient to deem the warrant “issued.” Id. at 297. The court reasoned that under Dubbs v. Lehman, 100 Fla. 799, 130 So. 36 (1930), an arrest warrant is not issued for purposes of setting in motion the revocation process until it has been signed and delivered to the appropriate county sheriff for execution. Boyd, 699 So.2d.at 298. Therefore, because the State failed to carry its burden of establishing that the arrest warrant had been delivered to the sheriff for execution before expiration of Boyd’s probationary term, the district court reversed the trial court’s ruling and ordered that Boyd be discharged. Id.
This Court has held that a trial court lacks jurisdiction to revoke probation after the probationary period for a violation that occurs during the probationary period unless the revocation process is set in motion during the probationary period. Carroll v. Cochran, 140 So.2d 300, 301 (Fla.1962) (quoting State ex rel. Ard v. Shelby, 97 So.2d 631, 632 (Fla. 1st DCA 1957)). The issue in this case is whether warrants must be delivered to the proper executive officer for execution in order for the revocation process to be considered “set in motion.”
The State argues that sections 901.02 and 901.04, Florida Statutes (1991),[1] establish that a judicial signature on a warrant is all that is required for the warrant to be issued, thereby setting the revocation process in motion. We disagree. Although both statutes discuss warrants generally, they fail to define the term “issue.” The district court followed our decision in Dubbs that an arrest warrant is not issued until a judge signs the warrant and the warrant is delivered to the proper executive officer for execution. Dubbs, 100 Fla. at 804,130 So. at 38. We find no reason to recede from Dubbs.
Delivery of the warrant to the executive officer as a prerequisite to setting the revocation process in motion is sound for the reasons stated in Dubbs. In this context, we define “delivery” as the date when the executive officer receives the warrant for execution. The date the warrant was mailed to the executive officer is insufficient to set the revocation process in motion. We believe that the proper procedure should be for the executive officer to date stamp the warrant when it is first received. A date stamp, however, is not required, and delivery to the executive officer may be established by other proof.
Accordingly, we answer the certified question in the affirmative. In this case, the record fails to demonstrate that the warrant was delivered before Boyd’s probationary period had expired. Therefore, we approve the decision of the First District.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, ANSTEAD and PARIENTE, JJ., concur.

. Section 901.02, Florida Statutes (1991), provides:
A warrant may be issued for the arrest of the person complained against if the magistrate, from the examination of the complainant and other witnesses, reasonably believes that the person complained against has committed an offense within his jurisdiction.
Section 901.04, Florida Statutes (1991), provides:
Warrants shall be directed to all sheriffs of the state. A warrant shall be executed only by the sheriff of the county in which the arrest is made unless the arrest is made in fresh pursuit, in which event it may be executed by any sheriff who is advised of the existence of the warrant. An arrest may be made on any day and at any time of the day or night.